Douglas D. Gerrard, Esq.
Nevada Bar No. 4613
dgerrard@gerrard-cox.com
John M. Langeveld, Esq.
Nevada Bar No. 11628
jlangeveld@gerrard-cox.com
**GERRARD COX & LARSEN**
2450 St. Rose Parkway, Suite #200
Henderson, NV 89074
Telephone: (702) 796-4000
Facsimile: (702) 796-4848
*Attorneys for Defendant STEWART TITLE GUARANTY COMPANY*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT NUNEZ RUIZ, an Individual; and TERESA LYNN RUIZ, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>STEWART TITLE GUARANTY COMPANY, a Texas corporation; STEWART TITLE COMPANY, a Texas Corporation; DOE DEFENDANTS 1 through 10; and ROE ENTITIES 1 through 10.<br><br>Defendants. | Case No. **2:17-cv-00944-RFB-CWH** |

## STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES [SECOND REQUEST]

Pursuant to Local Rules IA 6-1 and 26-4, and all applicable authority, Plaintiffs ROBERT NUNEZ RUIZ and TERESA LYNN RUIZ (collectively, "RUIZ"), by and through their attorneys, Frizell Law Firm, PLLC, and Defendant STEWART TITLE GUARANTY COMPANY ("STGC"), by and through its attorneys, Gerrard Cox Larsen, hereby stipulate and agree, subject to approval by the Court, to amend the current discovery plan and scheduling order, as set forth in the Order Granting First Stipulation for Extension of Time, dated October 24, 2017 [ECF No. 14], as further set forth herein:

## I. STATEMENT PURSUANT TO LR 26-4:

### A. Discovery Completed To Date.

#### (i). Initial Discovery:

RUIZ served their Initial Disclosures on October 14, 2017.

STGC served its Initial Disclosures on September 13, 2017.

RUIZ served its First Set of Interrogatories, Requests for Production, and Requests for Admission to STGC on October 19, 2017.

The Parties put a great deal of time an effort into their Initial and Supplemental Disclosures. The Parties have already identified about 10-pages' worth of potential witnesses, and collectively have produced over 900 pages' worth of documents.

#### (ii). Discovery Completed After The Court's First, 90-day Discovery Extension.

On October 24, 2017, this Court entered its Order Granting First Stipulation for Extension of Time, whereby the Court granted the Parties' stipulation to extend the discovery period by 90 days. [ECF No. 14]. Since that date, the Parties have been diligently engaged in discovery, and have completed the following additional discovery:

STGC served its First Supplemental Disclosures on December 11, 2017.

STGC served RUIZ with responses to RUIZ's written discovery requests on December 11, 2017.

STGC served its Second Supplemental Disclosures on December 22, 2017.

STGC served its First Set of Interrogatories, Requests for Production, and Requests for Admission to RUIZ on December 22, 2017.

No other discovery has been commenced or completed in this case.

### B. Discovery That Remains to Be Completed.

1. RUIZ responding to STGC's written discovery requests.
2. The depositions of STGC and ROBERT RUIZ and TERESA RUIZ.
3. The depositions of the witnesses identified by the parties (most of which are expected to take place in Hawaii).
4. Disclosures of expert witnesses and reports.

2

5. Depositions of expert witnesses.

6. Subpoenas and relevant documents and things held by third parties (most of which are located in Hawaii).

## C. <u>Reasons Why The Discovery Cannot be Completed Per the Current Discovery Scheduling Order.</u>

The current discovery cut-off is not until March 30, 2018. Therefore, technically the parties still have time to conduct discovery, even under the old cut-off date. However, the discovery identified in Section C, above, has not been completed because the parties have not had enough time to do so. This is true in part, because, as the Court is aware, at the outset of this case, the parties were engaged in negotiations with respect to the dismissal of claims against a former Defendant, Stewart Title Company. That former Defendant was represented by the same counsel representing Stewart Title Guaranty Company. After some due diligence, the parties were able to reach an agreement to dismiss the former Defendant. Related thereto, the parties entered into a tolling agreement dated September 14, 2017, and Plaintiffs voluntarily dismissed the former Defendant on October 19, 2017 [ECF No. 12]. In an attempt to keep costs down, at the outset of the case, the Parties had been focusing on these negotiations as opposed to conducting what may have turned out to be unnecessary discovery.

In addition, the Parties require additional time to complete the discovery identified in Section C because of the unique circumstances of this case. Many of the facts and events surrounding this dispute occurred outside of Nevada, in rural Hawaii (Puakenikeni, Pahoa, Hawaii). Because the events occurred in Hawaii, the parties need additional time to retain expert witnesses who are either located in Hawaii, or who may be available to travel to Hawaii, to investigate the facts and circumstances surrounding the dispute in this case. Both parties have already made efforts to retain an expert witness in this case, and those efforts are ongoing. The Parties expect to retain and disclose their own respective expert witnesses shortly.

The parties also need additional time to subpoena relevant documents and things held by third parties located in Hawaii. Previous efforts by the Parties in this case have focused on identifying those third parties which might be in possession of relevant information. The Parties

3

expect to serve discovery and deposition subpoenas on various third parties within the next couple of weeks.

Further, and probably most notably, the parties need additional time to notice and coordinate together with regard to scheduling depositions of various witnesses, which will take place in Hawaii. Because travel to Hawaii will be expensive, the Parties expect to coordinate together and have these depositions occur on successive days. This will require coordinating dates and availability with every witness that the parties will be deposing.

Accordingly, good cause exists to extend the discovery deadlines. This stipulation for an extension of the deadlines is not made for purposes of delay, but rather to permit the parties an opportunity to complete discovery to support their claims and defenses.

**D.    Proposed Schedule For Completing All Remaining Discovery.**

So that the foregoing discovery may be completed before the discovery deadlines, the parties propose a 90-day extension of the Discovery Deadlines as follows:

| Description of Deadline | Old Date | New Date |
| --- | --- | --- |
| Discovery Cut-Off | 3/20/2018 | 06/18/2018 |
| Initial Expert Disclosures | 1/19/2018 | 04/19/2018 |
| Interim Status Report | 1/19/2018 | 04/19/2018 |
| Rebuttal Expert Disclosures | 2/19/2018 | 05/21/2018 |
| Dispositive Motions | 4/19/2018 | 07/18/2018 |
| Joint Pre-Trial Order | 5/21/2018 | 08/29/2018[1] |

**Extensions or Modification of the Discovery Plan and Scheduling Order**. LR 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than twenty-one (21) days before the subject deadline.

---

[1] The Parties request that, in the event the Court's decision on any pending motion to dismiss has not been made, or if additional dispositive motions are filed, the date for filing the joint pretrial order be suspended until thirty (30) days after a decision on the dispositive motions. This is consistent with the terms of the Court's original Discovery Plan and Scheduling Order (filed Aug. 8, 2017) [Doc. 9].

4

As set forth above, the soonest discovery deadline in this case, which the parties seek to modify, is the Initial Expert Disclosures deadline, currently set for January 19, 2018. Thus, the deadline to *extend* the Initial Expert Disclosures Deadline is currently December 29, 2017. Accordingly, this stipulation is timely filed and complies with LR 26-4, as it is filed prior to December 29, 2017.

**IT IS SO STIPULATED.**

DATED this 27th day of December, 2017.

| GERRARD COX LARSEN | FRIZELL LAW FIRM, PLLC |
|---|---|
| /s/ John M. Langeveld, Esq. | /s/ R. Duane Frizell, Esq. |
| Douglas D. Gerrard, Esq. | R. Duane Frizell, Esq. |
| Nevada Bar No. 4613 | Nevada Bar No. 9807 |
| John M. Langeveld, Esq. | 400 N. Stephanie St. Suite 265 |
| Nevada Bar No. 11628 | Henderson, Nevada 89014 |
| 2450 St. Rose Parkway, Suite 200 | Phone: (702) 657-6000 |
| Henderson, NV 89074 | *Attorneys for Plaintiffs ROBERT NUNEZ RUIZ, and TERESA LYNN RUIZ* |
| *Attorneys for Defendant STEWART TITLE GUARANTY COMPANY* | |

/ / /

/ / /

**ORDER**

Having reviewed the foregoing Stipulation of the Parties, and finding good, just, and sufficient cause therefor, it its hereby entered as an Order of the Court.

**IT IS SO ORDERED.**

DATED: December 28, 2017

_____
UNITED STATES MAGISTRATE JUDGE
CASE NO.: 2:17-cv-00944-RFP-CWH

Respectfully submitted by:

**GERRARD COX LARSEN**

 /s/ John M. Langeveld, Esq.
Douglas D. Gerrard, Esq.
Nevada Bar No. 4613
John M. Langeveld, Esq.
Nevada Bar No. 11628
2450 St. Rose Parkway, Suite 200
Henderson, NV 89074
*Attorneys for Defendant*
*STEWART TITLE GUARANTY COMPANY*