Douglas D. Gerrard, Esq.
Nevada Bar No. 4613
dgerrard@gerrard-cox.com
John M. Langeveld, Esq.
Nevada Bar No. 11628
jlangeveld@gerrard-cox.com
**GERRARD COX & LARSEN**
2450 St. Rose Parkway, Suite #200
Henderson, NV 89074
Telephone: (702) 796-4000
Facsimile: (702) 796-4848
*Attorneys for Defendant STEWART TITLE GUARANTY COMPANY*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT NUNEZ RUIZ, an Individual; and TERESA LYNN RUIZ, an Individual,<br><br>Plaintiffs,<br>vs.<br><br>STEWART TITLE GUARANTY COMPANY, a Texas corporation; STEWART TITLE COMPANY, a Texas Corporation; DOE DEFENDANTS 1 through 10; and ROE ENTITIES 1 through 10.<br><br>Defendants. | Case No. **2:17-cv-00944-RFB-CWH** |

## STIPULATION AND ORDER TO CONTINUE SETTLEMENT CONFERENCE

Plaintiffs ROBERT NUNEZ RUIZ and TERESA LYNN RUIZ (collectively, "RUIZ"), each appearing in the proper person, and Defendant STEWART TITLE GUARANTY COMPANY ("STGC"), by and through its attorneys, Gerrard Cox Larsen, jointly file this Stipulation and Order To Continue Settlement Conference, and state as follows:

On March 19, 2018, Defendant STGC's parent company, Stewart Information Services Corporation, entered into an agreement to be acquired by Fidelity National Financial, Inc. ("Fidelity"). The sale of STGC to Fidelity is currently pending. *See* Affidavit of John M. Langeveld, Esq., attached hereto as **Exhibit "A"**, and incorporated by this reference herein.

On April 9, 2018, this Court entered its Order Scheduling A Settlement Conference, which set a settlement conference in this case for Friday, June 8, 2018, at 8:30 a.m. and which required

the Parties to submit confidential Settlement Conference Statements by <u>Friday, June 1, 2018, at 12:00 p.m.</u> [ECF No. 25].

Thereafter, on Tuesday, May 29, 2018, counsel for STGC was contacted by STGC, and informed that because of the pending sale, numerous STGC employees had left STGC, leaving no representative to attend the scheduled Settlement Conference. *See* Ex. "A".

This Court's April 9, 2018 Order Scheduling A Settlement Conference provides in relevant part:

> **[The] following individual(s) must be present in person for the duration of the settlement conference:**
> 5. If any party is subject to coverage by an insurance carrier, <u>then a representative of the insurance carrier with authority to settle this matter up to the full amount of the claim or last demand</u>.

*See* [ECF No. 25].

Upon learning of this unforeseeable issue, STGC's counsel immediately contacted the Court's staff to determine if an STGC representative could participate by telephone in the Settlement Conference. Ex. "A". STGC's counsel was informed that the Court would not permit this, leaving STGC with no choice but to seek a new date when a representative could appear in person. Ex. "A".

**The above being the case, the Parties now hereby stipulate and agree, as follows:**

1. Because an STGC representative is unable to attend the Settlement Conference currently set for Friday, June 8, 2018, at 8:30 a.m., the Parties now hereby stipulate and agree that it is necessary to continue the Settlement Conference to a later date, so that STGC's representative will be able to attend the Settlement Conference in person, per the Court's Order.

2. Accordingly, the parties hereby stipulate and agree to reschedule the **<u>Settlement Conference to Tuesday, August 21, 2018, at 8:30 a.m.</u>** Furthermore, in accordance with the schedule set forth in the Court's Order Scheduling A Settlement Conference, the Parties shall submit their confidential Settlement Conference Statements one week prior to the Settlement Conference, no later than **<u>Tuesday, August 14, 2018, at 12:00 p.m.</u>**

3. In addition, because of the Parties' need to continue the Settlement Conference date, the Parties also hereby stipulate and agree to extend the following, operative Pre-Trial

2

deadlines [ECF No. 16 - Stipulation and Order to Extend Discovery Deadlines], by an additional 90 days, as follows:

| Description of Deadline | Old Date | New Date |
| --- | --- | --- |
| Dispositive Motions | 07/18/2018 | 10/16/2018 |
| Joint Pre-Trial Order | 08/29/2018 | 11/27/2018[1] |

4. A trial date has not yet been set in this matter. Because of the Parties' need to continue the Settlement Conference date, the Parties also hereby stipulate and agree to amend their trial availability dates, previously set forth in their Joint Interim Status Report [ECF No. 26], by an additional 90 days, as follows:

**Available Trial Dates:**

| Old Date | New Date |
| --- | --- |
| Sept. 17, 2018 - Sept. 19, 2018 | Jan. 2, 2019 - Jan. 4, 2019 |
| Sept. 24, 2018 - Sept. 26, 2018 | Jan. 7, 2019 - Jan. 9, 2019 |
| Oct. 1, 2018 - Oct. 3, 2018 | Jan. 14, 2019 - Jan. 16, 2019 |

**IT IS SO STIPULATED.**

DATED this 1st day of June, 2018.

| | |
| --- | --- |
| **GERRARD COX LARSEN** | **ROBERT NUNEZ RUIZ** |
| /s/ Douglas D. Gerrard | /s/ Robert Nunez Ruiz. |
| Douglas D. Gerrard, Esq. | Robert Nunez Ruiz |
| Nevada Bar No. 4613 | 680 Ventana Cir. |
| John M. Langeveld, Esq. | Mesquite, NV 89027 |
| Nevada Bar No. 11628 | Plaintiff |
| 2450 St. Rose Parkway, Suite 200 | **TERESA LYNN RUIZ** |
| Henderson, NV 89074 | |
| *Attorneys for Defendant* | /s/ Teresa Lynn Ruiz. |
| *STEWART TITLE GUARANTY COMPANY* | Teresa Lynn Ruiz |
| | 680 Ventana Cir. |
| | Mesquite, NV 89027 |
| | Plaintiff |

---

[1] The Parties request that, in the event the Court's decision on any pending motion for summary judgment has not been made, or if additional dispositive motions are filed, the date for filing the joint pretrial order be suspended until thirty (30) days after a decision on the dispositive motions. This is consistent with the terms of the Court's original Discovery Plan and Scheduling Order (filed Aug. 8, 2017) [Doc. 9].

3

## ORDER

Having reviewed the foregoing Stipulation of the Parties, and finding good, just, and sufficient cause therefore, it its hereby entered as an Order of the Court.

**IT IS SO ORDERED.**

DATED: June 5, 2018

_____
UNITED STATES MAGISTRATE JUDGE
CASE NO.: 2:17-cv-00944-RFP-CWH

Respectfully submitted by:

**GERRARD COX LARSEN**

/s/ Douglas D. Gerrard
Douglas D. Gerrard, Esq.
Nevada Bar No. 4613
John M. Langeveld, Esq.
Nevada Bar No. 11628
2450 St. Rose Parkway, Suite 200
Henderson, NV 89074
*Attorneys for Defendant*
*STEWART TITLE GUARANTY COMPANY*

4

# EXHIBIT A

# EXHIBIT A

Douglas D. Gerrard, Esq.
Nevada Bar No. 4613
dgerrard@gerrard-cox.com
John M. Langeveld, Esq.
Nevada Bar No. 11628
jlangeveld@gerrard-cox.com
**GERRARD COX & LARSEN**
2450 St. Rose Parkway, Suite #200
Henderson, NV 89074
Telephone: (702) 796-4000
Facsimile: (702) 796-4848
*Attorneys for Defendant STEWART TITLE GUARANTY COMPANY*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT NUNEZ RUIZ, an Individual; and TERESA LYNN RUIZ, an Individual, <br><br> Plaintiffs, <br><br> vs. <br><br> STEWART TITLE GUARANTY COMPANY, a Texas corporation; STEWART TITLE COMPANY, a Texas Corporation; DOE DEFENDANTS 1 through 10; and ROE ENTITIES 1 through 10. <br><br> Defendants. | Case No.  **2:17-cv-00944-RFB-CWH** |

### AFFIDAVIT OF JOHN M. LANGEVELD, ESQ. IN SUPPORT OF STIPULATION AND ORDER TO CONTINUE SETTLEMENT CONFERENCE

I, John M. Langeveld, Esq., of the law firm GERRARD COX & LARSEN, do hereby swear under penalty of perjury that the following assertions are true to the best of my knowledge and belief, and as provided to me by my client:

1. Affiant is an attorney for Defendant STEWART TITLE GUARANTY COMPANY in this matter.

2. That by and through my own personal knowledge, recollection, and involvement of the matters related thereto, and asserted herein, that I am familiar with and have knowledge relating to the following, as set forth below.

///

///

3. On or about March 19, 2018, STGC informed our office that STGC's parent company, Stewart Information Services Corporation, had entered into an agreement to be acquired by Fidelity National Financial, Inc. ("Fidelity"). The sale of STGC to Fidelity is currently pending.

4. On Tuesday, May 29, 2018, I was contacted via telephone by STGC and informed that because of the pending sale, numerous STGC employees had left STGC, which left no available representative to attend the June 8, 2018, Settlement Conference.

5. Upon learning of this unforeseeable issue, I immediately contacted Judge Hoffman's chambers to inquire if an STGC representative could participate by telephone in the Settlement Conference.

6. I was informed by Judge Hoffman's staff that the Judge would not permit STGC's representative to participate by telephone, and was provided with alternative dates in August, 2018, to reschedule the Settlement Conference for a later date when STGC's representative could attend..

7. Further your Affiant sayeth naught.

_____
John M. Langeveld, Esq.

SUBSCRIBED AND SWORN to before me this 4th day of June, 2018.

_____
NOTARY PUBLIC

KANANI GONZALES
NOTARY PUBLIC
STATE OF NEVADA
COUNTY OF CLARK
No. 06-107055-1  MY APPT. EXPIRES SEPT. 28, 2018

2